**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| GEMALTO S.A., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:10-cv-561 |
| | § | |
| HTC CORPORATION, HTC AMERICA, | § | JURY TRIAL DEMANDED |
| INC., EXEDEA, INC., SAMSUNG | § | |
| ELECTRONICS CO., LTD., SAMSUNG | § | |
| TELECOMMUNICATIONS AMERICA | § | |
| LLC, MOTOROLA, INC., and | § | |
| GOOGLE INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Gemalto S.A. files this Complaint of patent infringement and states as follows:

**THE PARTIES**

1.       Gemalto S.A. is a corporation organized and existing under the laws of France

with a principal place of business at 6 rue de la verrerie, 92197 Meudon Cedex, France and,

together with its affiliated company in the United States, Gemalto, Inc., (collectively,

"Gemalto") maintains a research and development center at Arboretum Plaza II, 9442 Capital of

Texas Highway North, Suite 400, Austin, Texas.

2.       Gemalto is the global leader in digital security. More than one billion people

worldwide use its products and services for telecommunications, financial services, e-

government, identity and access management, multimedia content, digital rights management, IT

security, mass transit and many other applications.  Gemalto has a long tradition of innovation

and invests heavily in research and development.  One such innovation is Gemalto's Java Card

Technology, which was developed at its Texas research and development center. Among other things, this pioneering and ground-breaking technology, protected by United States Patent Nos. 6,308,317, 7,117,485, and 7,818,727 (collectively, the "Patents-in-Suit"), enables Java applications and applications developed in other high level programming languages to run on resource-constrained and other devices, including devices such as smart cards and mobile phones.

## GOOGLE

3.     Upon information and belief, Defendant Google Inc. ("Google") is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California. In addition, Google maintains an office in Austin, Texas and is also qualified to do business in Texas.

4.     Google develops and actively distributes what it refers to as the Android Platform to application developers and device manufacturers, including the other named Defendants in this action. The Android Platform is an essential part of Google's business strategy to extend its online presence, including its core advertising business, to next generation computing devices. The Android Platform includes a software development kit ("Android SDK") for developing Android applications that incorporates Gemalto's patented Java Card Technology ("Android Applications") without its permission and an operating system ("Android Operating System") featuring the Dalvik virtual machine ("Dalvik VM"). The Dalvik VM allows Android Applications developed with the Android SDK to run on resource-constrained devices that use the Android Operating System, including devices having computing and memory resources more limited than desktop computers. The Dalvik VM was designed without Gemalto's permission

2

using Gemalto's Java Card Technology and uses that technology to execute Android Applications.

5.      In addition, Google provides device manufacturers with Android Applications that it develops using Gemalto's Java Card Technology.  Such applications include Google Talk, Google Maps, Google Voice, Google Calendar, Google Email—"Gmail," Google Finance, Google Contacts, Google Shopper, among others.

6.      Furthermore, Google makes, uses, offers to sell and/or sells devices incorporating the Android Operating System ("Android Devices") and the Dalvik VM to run Android Applications, including mobile phones sold under the tradename Nexus One.

7.      Google has sought to leverage the existing community of Java programmers and application developers in other high level programming languages and encourages them to develop Android Applications by, for example, distributing the Android Platform for free, offering millions of dollars in prizes for the best Android Applications and providing an "Android Market" through which Android Application developers can distribute and sell their applications to end-users.

**HTC**

8.      Upon information and belief, Defendant HTC Corporation is a Taiwanese corporation with its principal place of business at 23 Xinghua Rd., Taoyuan 330, Taiwan, R.O.C.

9.      Upon information and belief, Defendant HTC America, Inc., is a subsidiary of Defendant HTC Corporation.  HTC America, Inc. is a Texas corporation with a principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington. In addition, HTC America, Inc. has an office in Houston, Texas and is qualified to do business in Texas.

3

10.     Upon information and belief, Defendant Exedea, Inc., an affiliated company of HTC Corporation, is incorporated under the laws of the State of Texas with its principal place of business at 5950 Corporate Drive, Houston, Texas.   Defendants HTC Corporation, HTC America, Inc., and Exedea, Inc. are collectively referred to herein as "HTC."

11.     HTC makes, uses, sells and offers to sell Android Devices having the Android Operating System and Android Applications, including mobile phones sold under the tradenames Evo 4G, Incredible, Hero, Desire and Dream.

## SAMSUNG

12.     Upon information and belief, Defendant Samsung Electronics Co., Ltd. is a Korean company with a principal place of business at 250, 2-ga, Taepyong-ro Jang-gu, Seoul 100-742 South Korea.

13.     Upon information and belief, Defendant Samsung Telecommunications America, LLC is a subsidiary of Defendant Samsung Electronics Co. Ltd.  Samsung Telecommunications America LLC is a Delaware corporation with a principal place of business at 1301 East Lookout Drive, Richardson, Texas.  Samsung Telecommunications America is qualified to do business in Texas.  Defendants Samsung Electronics Co. Ltd. and Samsung Telecommunications America, LLC are collectively referred to herein as "Samsung."

14.     Samsung makes, uses, sells and offers to sell Android Devices having the Android Operating System and Android Applications, including mobile phones sold under the tradenames Fascinate and Transform.

## MOTOROLA

15.     Upon information and belief, Defendant Motorola, Inc. ("Motorola") is a Delaware corporation with its principal place of business at 1303 East Algonquin Road,

Schaumberg, Illinois.   Motorola is qualified to do business in Texas and has one or more locations within Texas, including in Plano, Texas.

16.     Motorola makes, uses, sells and offers to sell Android Devices having the Android Operating System and Android Applications, including mobile phones sold under the tradenames Devour, Droid, Droid Pro, Droid X and Droid 2.

17.     Defendants have encouraged and supported the development of Android Applications and the use of the Android Operating System with the Dalvik VM, including by incorporating the Android Operating System and Android Applications in their Android Devices.

## JURISDICTION AND VENUE

18.     This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, 35 U.S.C. § 271 *et seq*.   This Court has subject matter jurisdiction over this action under Title 28, United States Code, §§ 1331 and 1338(a).

19.     This Court has personal jurisdiction over each of the Defendants, including because each of the Defendants has conducted business, and continues to conduct business, within the State of Texas.   In addition, Defendants, directly or through intermediaries (including distributors, retailers, and others) make, distribute, offer for sale, sell, advertise, and/or use their products in the State of Texas.

20.     On information and belief, venue in this Judicial District is proper under Title 28, United States Code, §§ 1391 and 1400(b) because Defendants regularly conduct business in this judicial district, and the acts complained of herein occurred in this judicial district.

## PATENTS-IN-SUIT

21.     On October 23, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,308,317 ("the '317 Patent"), entitled "Using a

5

High Level Programming Language with a Microcontroller." The '317 patent was the subject of a reexamination proceeding filed by Sun Microsystems, Inc. and its validity was reaffirmed by the USPTO. Gemalto holds all right, title, and interest in and to the '317 Patent. A true and correct copy of the '317 Patent is attached as Exhibit A.

22.     On October 3, 2006, the USPTO duly and legally issued United States Patent No. 7,117,485 ("the '485 Patent"), entitled "Using a High Level Programming Language with a Microcontroller." Gemalto holds all right, title, and interest in and to the '485 Patent. A true and correct copy of the '485 Patent is attached as Exhibit B.

23.     On October 19, 2010, the USPTO duly and legally issued United States Patent No. 7,818,727 ("the '727 Patent"), entitled "Using a High Level Programming Language with a Microcontroller." Gemalto holds all right, title, and interest in and to the '727 Patent. A true and correct copy of the '727 Patent is attached as Exhibit C.

24.     Plaintiff Gemalto is the owner of the '317, '485, and '727 patents and has the right to prevent others from making, having made, using, offering for sale or selling products or services covered by such patents, as well as the right to enforce the Patents-in-Suit against the Defendants who are using Gemalto's Java Card Technology without permission.

25.     Android Applications and the development of such applications using the Android SDK infringe one or more claims of the Patents-in-Suit.

26.     The Android Devices provided by Defendants that incorporate the Android Operating System and Android Applications infringe one or more claims of the Patents-in-Suit.

27.     On information and belief, Defendants have purposefully, actively and voluntarily distributed or sold Android Devices and/or the Android Platform, including the Android SDK, Android Operating System, and Android Applications, with the expectation that they will be

Dallas 311302v3

purchased, used or licensed by consumers in the Eastern District of Texas. The Android Platform and/or the Android Devices have been and continue to be purchased, used, and licensed by consumers in the Eastern District of Texas. Defendants have thus committed acts of patent infringement within the State of Texas, and particularly, within the Eastern District of Texas. By purposefully, actively, and voluntarily distributing one or more of their infringing products and services, Defendants have injured Gemalto and are thus liable to Gemalto for infringement of the Patents-in-Suit in this litigation pursuant to 35 U.S.C. § 271.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 6,308,317

28.     Gemalto incorporates by reference herein the averments set forth in paragraphs 1-27, above.

29.     Defendants have been and are now directly infringing and/or indirectly infringing the '317 Patent by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, in this District, and elsewhere, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States, one or more Android SDKs, Android Applications, Android Operating Systems and/or Android Devices covered by at least one claim of the '317 Patent. Google contributes to and induces the direct infringement of the '317 Patent by both Android Application developers and Android Device manufacturers, including the other named Defendants, including by distributing the Android SDK, Android Operating Systems, and Android Applications. All Defendants contribute to and induce the direct infringement of the '317 Patent by Android Application developers, including by incorporating the Android Operating System and Android Applications in their Android Devices.

Dallas 311302v3

30.     Upon information and belief, at least Defendants Google and Samsung continue to infringe the '317 patent despite knowledge of the patent.  Defendants' infringement has been and continues to be willful.

31.     Gemalto has been irreparably harmed by the Defendants' acts of infringement of the '317 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Gemalto has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Gemalto should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

32.     As a result of Defendants' acts of infringement, Gemalto has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT 7,117,485

33.     Gemalto incorporates by reference herein the averments set forth in paragraphs 1-27, above.

34.     Defendants have been and are now directly infringing and/or indirectly infringing the '485 Patent by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, in this District, and elsewhere, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States, one or more Android SDKs, Android Applications, Android Operating Systems and/or Android Devices covered by at least one claim of the '485 Patent.  Google contributes to and induces the direct infringement of the '485 Patent by both Android Application developers and Android Device manufacturers, including the other named Defendants, including by distributing the Android SDK, Android Operating Systems, and

8

Android Applications.  All Defendants contribute to and induce the direct infringement of the '485 Patent by Android developers, including by incorporating the Android Operating System and Android Applications in their Android Devices.

35.     Upon information and belief, at least Defendants Google and Samsung continue to infringe the '485 patent despite knowledge of the patent.  Defendants' infringement has been and continues to be willful.

36.     Gemalto has been irreparably harmed by the Defendants' acts of infringement of the '485 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Gemalto has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Gemalto should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

37.     As a result of Defendants' acts of infringement, Gemalto has suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNT THREE – INFRINGEMENT OF U.S. PATENT 7,818,727**

38.     Gemalto incorporates by reference herein the averments set forth in paragraphs 1-27, above.

39.     Defendants have been and are now directly infringing and/or indirectly infringing the '727 Patent by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, in this District, and elsewhere, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States, one or more Android SDKs, Android Applications, Android Operating Systems and/or Android Devices covered by at least one claim of the '727 Patent.  Google

9

contributes to and induces the direct infringement of the '727 Patent by both Android Application developers and Android Device manufacturers, including the other named Defendants, including by distributing the Android SDK, Android Operating Systems, and Android Applications.  All Defendants contribute to and induce the direct infringement of the '727 Patent by Android Application developers, including by incorporating the Android Operating System and Android Applications in their Android Devices.

40.     Upon information and belief, at least Defendants Google and Samsung continue to infringe the '727 patent despite knowledge of the patent.  Defendants' infringement has been and continues to be willful.

41.     Gemalto has been irreparably harmed by the Defendants' acts of infringement of the '727 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Gemalto has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Gemalto should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

42.     As a result of Defendants' acts of infringement, Gemalto has suffered and will continue to suffer damages in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

43.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury for all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Gemalto requests a judgment:

A.      That Defendants have infringed United States Patents Nos. 6,308,317, 7,117,485, and 7,818,727;

B.      That United States Patent No. 6,308,317, 7,117,485, and 7,818,727 are valid and enforceable in law;

C.      Awarding to Gemalto its damages caused by Defendants' infringement of United States Patents Nos. 6,308,317, 7,117,485, and 7,818,727, including an assessment of pre-judgment and post-judgment interest and costs;

D.      Entering a permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of United States Patents Nos. 6,308,317, 7,117,485, and 7,818,727, including without limitation from continuing to make, use, sell and/or offer for sale in the United States or import into the United States the Android SDK, Android Applications and Android Devices;

E.      That this is an exceptional case and awarding to Gemalto its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F.      That this Court award Gemalto enhanced/treble damages to which it is entitled pursuant to 35 U.S.C. § 284; and

G.      Awarding to Gemalto such other and further relief as this Court may deem just and proper.

11

Date: October 22, 2010                              Respectfully submitted,

                                                    /s/ Sam Baxter
                                                    Sam Baxter
                                                    Texas State Bar No. 01938000
                                                    sbaxter@mckoolsmith.com
                                                    MCKOOL SMITH, P.C.
                                                    104 East Houston, Suite 300
                                                    Marshall, Texas 75670
                                                    Telephone:  (903) 923-9000
                                                    Facsimile: (903) 923-9099

                                                    Robert A. Cote
                                                    rcote@mckoolsmith.com
                                                    Shahar Harel
                                                    sharel@mckoolsmith.com
                                                    Kevin Schubert
                                                    kschubert@mckoolsmith.com
                                                    MCKOOL SMITH, P.C.
                                                    One Bryant Park, 47th Floor
                                                    New York, New York 10036
                                                    Telephone: (212) 402-9400
                                                    Facsimile: (212) 402-9444

                                                    Peter J. Ayers
                                                    Texas State Bar No. 24009882
                                                    payers@mckoolsmith.com
                                                    Geoffrey L. Smith
                                                    Texas State Bar No. 24041939
                                                    gsmith@mckoolsmith.com
                                                    MCKOOL SMITH, P.C.
                                                    300 W. 6th St., Ste. 1700
                                                    Austin, Texas 78701
                                                    Telephone:  (512) 692-8700
                                                    Facsimile:   (512) 692-8744

                                                    **ATTORNEYS FOR PLAINTIFF
                                                    GEMALTO S.A.**