**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

GEMALTO S.A.,

               Plaintiff,

        v.

HTC CORPORATION, HTC AMERICA,
INC., EXEDEA, INC., SAMSUNG
ELECTRONICS CO., LTD., SAMSUNG
TELECOMMUNICATIONS AMERICA LLC,
MOTOROLA, INC., and GOOGLE INC.,

               Defendants.

Civil Action No. 6:10-cv-561(LED)

JURY TRIAL DEMANDED

**HTC DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**
**FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendants HTC Corporation, HTC America, Inc., and Exedea, Inc. (collectively, "the HTC Defendants") answer the Amended Complaint of Plaintiff Gemalto S.A. ("Gemalto") as follows:

**THE PARTIES**

1.     The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny them.

2.     The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore deny them.

**GOOGLE**

3.     The allegations of paragraph 3 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore deny them.

4.      The allegations of paragraph 4 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore deny them.

5.      The allegations of paragraph 5 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore deny them.

6.      The allegations of paragraph 6 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore deny them.

7.      The allegations of paragraph 7 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore deny them.

## **HTC**

8.      The HTC Defendants admit that HTC Corporation is a Taiwanese corporation with its principal place of business at 23 Xinghua Road, Taoyuan 330, Taiwan, R.O.C.

9.      The HTC Defendants admit that HTC America, Inc., is a subsidiary of HTC Corporation.  The HTC Defendants admit that HTC America, Inc., has its principal place of

business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington.  The HTC Defendants admit that HTC America, Inc., is registered to do business in Texas.  The HTC Defendants deny any remaining allegations of paragraph 9.

10.     The HTC Defendants admit that Exedea, Inc., is an affiliated company of HTC Corporation and is incorporated under the laws of the State of Texas.  The HTC Defendants deny any remaining allegations of paragraph 10.

11.     The HTC Defendants admit that HTC Corporation makes, uses, sells, and offers to sell, either currently or in the past, the Evo 4G, Incredible, Hero, Desire and Dream, which are mobile phones that run the Android operating system.  The HTC Defendants admit that HTC America, Inc. uses, sells, and offers to sell, either currently or in the past, the Evo 4G, Incredible, Hero, Desire and Dream.  The HTC Defendants deny any remaining allegations of paragraph 11.

## SAMSUNG

12.     The allegations of paragraph 12 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore deny them.

13.     The allegations of paragraph 13 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore deny them.

14.     The allegations of paragraph 14 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore deny them.

## MOTOROLA

15.     The allegations of paragraph 15 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore deny them.

16.     The allegations of paragraph 16 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore deny them.

## MOTOROLA MOBILITY

17.     The allegations of paragraph 17 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore deny them.

18.     The allegations of paragraph 18 are not directed to the HTC Defendants, and therefore no answer is required.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore deny them.

19.     The HTC Defendants admit that HTC Corporation makes, uses, sells, and offers to sell, either currently or in the past, mobile phones that run the Android operating system.  The HTC Defendants admit that HTC America, Inc. uses, sells, and offers to sell, either currently or

in the past, mobile phones that run the Android operating system.  The HTC Defendants deny any remaining allegations of paragraph 19.

## JURISDICTION AND VENUE

20.    The HTC Defendants admit that this action invokes the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims.  The HTC Defendants deny any remaining allegations of paragraph 20.

21.    HTC does not contest personal jurisdiction in this District solely for the purpose of this action.  The HTC Defendants specifically deny that they have committed any acts of infringement within the Eastern District of Texas, or any other District.  To the extent the remaining allegations of paragraph 21 are directed at the HTC Defendants, they are denied.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21, and therefore deny them.

22.    The HTC Defendants admit that venue is proper in the Eastern District of Texas for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. 1404(a).  To the extent the remaining allegations of paragraph 22 are directed at the HTC Defendants, they are denied.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22, and therefore deny them.

## PATENTS-IN-SUIT

23.    The HTC Defendants admit that what appears to be a copy of United States Patent No. 6,308,317 ("the '317 Patent") is attached as an exhibit to Gemalto's Complaint and that, on its face, the '317 Patent is entitled "Using a High Level Programming Language with a Microcontroller" and issued on October 23, 2001.  The HTC Defendants admit that the United

States Patent and Trademark Office issued a Reexamination Certificate of the '317 Patent.  The HTC Defendants deny that the '317 Patent was duly and legally issued.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23, and therefore deny them.

24.     The HTC Defendants admit that what appears to be a copy of United States Patent No. 7,117,485 ("the '485 Patent") is attached as an exhibit to Gemalto's Complaint and that, on its face, the '485 Patent is entitled "Using a High Level Programming Language with a Microcontroller" and issued October 3, 2006.  The HTC Defendants deny that the '485 Patent was duly and legally issued.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24, and therefore deny them.

25.     The HTC Defendants admit that what appears to be a copy of United States Patent No. 7,818,727 ("the '727 Patent") is attached as an exhibit to Gemalto's Complaint and that, on its face, the '727 Patent is entitled "Using a High Level Programming Language with a Microcontroller" and issued October 3, 2006.  The HTC Defendants deny that the '727 Patent was duly and legally issued.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25, and therefore deny them.

26.     The HTC Defendants deny the allegations in paragraph 26 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26, and therefore deny them.

27.     The HTC Defendants deny the allegations in paragraph 27 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27, and therefore deny them.

28.     The HTC Defendants deny the allegations in paragraph 28 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28, and therefore deny them.

29.     The HTC Defendants admit that HTC Corporation and HTC America, Inc. offer and/or offered for sale the Evo 4G, Incredible, Hero, Desire and Dream, which are mobile phones that run the Android operating system.  The HTC Defendants deny the remaining allegations in paragraph 29 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29, and therefore deny them.

### COUNT ONE – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,308,317

30.     The HTC Defendants incorporate by reference their responses to the allegations of paragraphs 1-29 above as their response to paragraph 30 of Gemalto's Complaint.

31.     The HTC Defendants deny the allegations in paragraph 31 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31, and therefore deny them.

32.     The HTC Defendants deny the allegations in paragraph 32 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, and therefore deny them.

33.     The HTC Defendants deny the allegations in paragraph 33 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore deny them.

34.     The HTC Defendants deny the allegations in paragraph 34 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34, and therefore deny them.

## COUNT TWO – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,117,485

35.     The HTC Defendants incorporate by reference their responses to the allegations of paragraphs 1-29 above as their response to paragraph 35 of Gemalto's Complaint.

36.     The HTC Defendants deny the allegations in paragraph 36 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36, and therefore deny them.

37.     The HTC Defendants deny the allegations in paragraph 37 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37, and therefore deny them.

38.     The HTC Defendants deny the allegations in paragraph 38 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38, and therefore deny them.

39.     The HTC Defendants deny the allegations in paragraph 39 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39, and therefore deny them.

**COUNT THREE – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7, 818,727**

40.     The HTC Defendants incorporate by reference their responses to the allegations of paragraphs 1-29 above as their response to paragraph 40 of Gemalto's Complaint.

41.     The HTC Defendants deny the allegations in paragraph 41 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore deny them.

42.     The HTC Defendants deny the allegations in paragraph 42 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42, and therefore deny them.

43.     The HTC Defendants deny the allegations in paragraph 43 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43, and therefore deny them.

44.     The HTC Defendants deny the allegations in paragraph 44 as they relate to the HTC Defendants, and specifically deny that they have committed any acts of infringement.  The HTC Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42, and therefore deny them.

## RESPONSE TO DEMAND FOR JURY TRIAL

45.     Gemalto's demand for a trial by jury for all issues triable to a jury does not state any allegation, and the HTC Defendants are not required to respond.  To the extent that any allegations are included in the demand, the HTC Defendants deny these allegations.

## RESPONSE TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Gemalto to which no response is required.  The HTC Defendants deny that Gemalto is entitled to any of the requested relief and deny any allegations.

## AFFIRMATIVE DEFENSES

Subject to the responses above, the HTC Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, the HTC Defendants specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Defense – No Patent Infringement

1.      The HTC Defendants do not infringe and have not infringed (not directly, contributorily, or by inducement) and are not liable for infringement of any valid and enforceable claim of the '317 Patent, the '485 Patent and/or the '727 Patent (collectively, the "Patents-in-Suit").

### Second Defense – Patent Invalidity

2.      The claims of the Patents-in-Suit are invalid under 35 U.S.C. § 101 because one or more claims are directed to abstract ideas or other non-statutory subject matter.

3.      The claims of the Patents-in-Suit are invalid because one or more claims fail to meet the "conditions for patentability" of 35 USC §§ 101, 102, 103, and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention.

### Third Defense – Limitation on Patent Damages

4.      Gemalto's claim for damages, if any, against the HTC Defendants for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

## COUNTERCLAIMS

As and for its counterclaims against plaintiff Gemalto, the HTC Defendants respectfully state as follows:

## THE PARTIES

1.      HTC Corporation is a Taiwanese corporation with its principal place of business at 23 Xinghua Road, Taoyuan 330, Taiwan, R.O.C.

2.      HTC America, Inc., is a Washington corporation and has its a principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington.

3.      Exedea, Inc., is incorporated under the laws of the State of Texas.

4.      Upon information and belief, Gemalto S.A. ("Gemalto") is a corporation organized and existing under the laws of France with a principal place of business at 6 rue de la verrerie, 92197 Meudon Cedex, France.

## JURISDICTION AND VENUE

5.      Subject to the HTC Defendants' defenses and denials, the HTC Defendants allege that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and venue for these Counterclaims is proper in this district for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a).

6.      This Court has personal jurisdiction over Gemalto.

## COUNT ONE - Declaratory Judgment of Non-Infringement of the '317 Patent

7.      The HTC Defendants restate and incorporate by reference their allegations in paragraphs 1-6 of their Counterclaims.

8.      An actual case or controversy exists between the HTC Defendants and Gemalto as to whether the '317 Patent is infringed by the HTC Defendants.

9.      A judicial declaration is necessary and appropriate so that the HTC Defendants may ascertain their rights regarding the '317 Patent.

10.     The HTC Defendants have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '317 Patent.

**COUNT TWO - Declaratory Judgment of Invalidity of the '317 Patent**

11.     The HTC Defendants restate and incorporate by reference their allegations in paragraphs 1-6 of their Counterclaims.

12.     An actual case or controversy exists between the HTC Defendants and Gemalto as to whether the '317 Patent is invalid.

13.     A judicial declaration is necessary and appropriate so that the HTC Defendants may ascertain their rights as to whether the '317 Patent is invalid.

14.     The '317 Patent is invalid because it fails to meet the "conditions for patentability" of 35 USC §§ 101, 102, 103, and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention, and no claim of the '317 Patent can be properly construed to cover any of the HTC Defendants' products.

**COUNT THREE - Declaratory Judgment of Non-Infringement of the '485 Patent**

15.     The HTC Defendants restate and incorporate by reference its allegations in paragraphs 1-6 of their Counterclaims.

16.     An actual case or controversy exists between the HTC Defendants and Gemalto as to whether the '485 Patent is infringed by the HTC Defendants.

17.     A judicial declaration is necessary and appropriate so that the HTC Defendants may ascertain their rights regarding the '485 Patent.

18.     The HTC Defendants have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '485 Patent.

**COUNT FOUR - Declaratory Judgment of Invalidity of the '485 Patent**

19.     The HTC Defendants restate and incorporate by reference their allegations in paragraphs 1-6 of their Counterclaims.

20.     An actual case or controversy exists between the HTC Defendants and Gemalto as to whether the '485 Patent is invalid.

21.     A judicial declaration is necessary and appropriate so that the HTC Defendants may ascertain their rights as to whether the '485 Patent is invalid.

22.     The '485 Patent is invalid because it fails to meet the "conditions for patentability" of 35 USC §§ 101, 102, 103, and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention, and no claim of the '485 Patent can be properly construed to cover any of the HTC Defendants' products.

**COUNT FIVE - Declaratory Judgment of Non-Infringement of the '727 Patent**

23.     The HTC Defendants restate and incorporate by reference their allegations in paragraphs 1-6 of their Counterclaims.

24.     An actual case or controversy exists between the HTC Defendants and Gemalto as to whether the '727 Patent is infringed by the HTC Defendants.

25.     A judicial declaration is necessary and appropriate so that the HTC Defendants may ascertain their rights regarding the '727 Patent.

26.     The HTC Defendants have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '727 Patent.

### COUNT SIX - Declaratory Judgment of Invalidity of the '727 Patent

27.     The HTC Defendants restate and incorporate by reference their allegations in paragraphs 1-6 of their Counterclaims.

28.     An actual case or controversy exists between the HTC Defendants and Gemalto as to whether the '727 Patent is invalid.

29.     A judicial declaration is necessary and appropriate so that the HTC Defendants may ascertain their rights as to whether the '727 Patent is invalid.

30.     The '727 Patent is invalid because it fails to meet the "conditions for patentability" of 35 USC §§ 101, 102, 103, and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention, and no claim of the '317 Patent can be properly construed to cover any of the HTC Defendants' products.

### EXCEPTIONAL CASE

31.     On information and belief, this is an exceptional case entitling the HTC Defendants to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Gemalto's assertion of the Patents-in-Suit against the HTC Defendants with the knowledge that the HTC Defendants do not infringe any valid or enforceable claim of the Patents-in-Suit patent and/or that the Patents-in-Suit are invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, HTC prays for judgment as follows:

a.      A judgment dismissing Gemalto's Complaint against the HTC Defendants with prejudice;

b.      A declaration that the HTC Defendants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the Patents-in-Suit;

c.      A declaration that the Patents-in-Suit are invalid and unenforceable;

d.      A declaration that this case is exceptional and an award to the HTC Defendants of their reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

e.      A judgment limiting or barring Gemalto's ability to enforce the Patents-in-Suit in equity;

f.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), the HTC Defendants demand a trial by jury on all issues so triable.

Dated:  February 25, 2011

Respectfully submitted,

_/s/ Allen F. Gardner_
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, P.C.
A Professional Corporation
110 N. College Ave., Suite 500
Tyler, Texas  75702
Tel: (903) 597-8311
Fax: (903) 593-0846

David A. Perlson
davidperlson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415/875-6600
Fax: 415/875-6700

**ATTORNEYS FOR DEFENDANTS
HTC CORPORATION, HTC
AMERICA, INC., AND EXEDEA, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that all counsel of record who have consented to electronic service and are

being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-

5(a)(3) on February 25, 2011.  Any other counsel of record will be served by First Class U.S. mail

on this same date.

_/s/ Allen F. Gardner_
Allen F. Gardner