IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GEMALTO S.A., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | NO. 6:10cv561 LED-JDL | |
| § | | |
| HTC CORPORATION et al, § | PATENT CASE | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer to the Northern District of California (Doc. No. 81). The matter has been fully briefed (Doc. Nos. 110, 118 & 125). Upon consideration of the parties' arguments, Defendants' Motion is **DENIED**.

## BACKGROUND

Defendants HTC Corporation, HTC America, Inc. (collectively, "HTC"), Exedea, Inc. ("Exedea"), Samsung Electronics Co., Ltd., Samsung Telecommunications America LLC (collectively, "Samsung"), Motorola Mobility, Inc. ("Motorola"), and Google Inc. ("Google"), move to transfer this action to the Northern District of California. MTN AT 1.

Plaintiff Gemalto, S.A. ("Gemalto"), a French corporation, alleges Defendants infringe U.S. Patents Nos. 6,308,317; 7,117,485; and 7,818,727. AMENDED COMPLAINT AT 1 & 6 (Doc. No. 25). The patents were originally assigned to Schlumberger, Gemalto's predecessor.[1] RESPONSE AT 5. In addition, Gemalto's United States headquarters, Gemalto, Inc., is located in Austin, Texas. PATEL DECL. AT 1 (Doc. No. 111-54).

---

[1] The smart card division of Schlumberger branched off to form an independent company, Axalto. EX. B. (Doc. No. 81-2), ATTACHED TO MTN. Axalto subsequently merged with Gemplus to become Gemalto. *Id.*

With respect to the accused technology, Gemalto contends that Defendants make, use, sell and offer for sale devices that use the Android Platform, which is used to develop Android applications. AMENDED COMPLAINT AT 2. Gemalto asserts that the Android applications incorporate Gemalto's patented Java Card Technology. *Id.*

Defendants' places of incorporation and principal places of business are scattered. Google is a Delaware corporation with headquarters in Northern California. MTN AT 3. Motorola, also a Delaware corporation, has a principal place of business in Libertyville, Illinois. *Id.* at 4. HTC Corporation is a Taiwanese corporation based in Taiwan, but its indirect subsidiary, HTC America, is incorporated in Washington where it also has its principal place of business. *Id.* at 5. Exedea Inc., an HTC Corporation affiliate, is organized under the laws of Texas, but has no locations or employees in the United States. *Id.* Samsung is a Korean company with its principal place of business in Korea. Finally, Samsung America is a Delaware corporation headquartered in Richardson, Texas. *Id.*

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757,

768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.*

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

## DISCUSSION

**I.      Whether the Action Could Have Originally Been Brought in the Northern District of California**

As an initial matter, the parties dispute whether this action could have originally been filed in the Northern District of California. *See* RESPONSE AT 15. In particular, Gemalto contends Defendants have not met the burden of showing that Exedea is subject to jurisdiction in the Northern District of California. *Id.* Defendants allege that Exedea "regularly conduct[s] business, maintain[s] facilities, and employ[s] personnel in the Northern District" even though Exedea is organized under

3

Texas law and has no facilities or employees in the United States *See* MTN AT 5 & 10. In addition, Defendants contend that Exedea has regular contact with the transferee district due to sales of the accused devices in California. *Id.* at 10.

The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I*, 371 F.3d at 203. In a patent infringement case, venue is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28. U.S.C. § 1400(b).

Well-established authority makes clear that a transferee court must have jurisdiction over the defendants in the transferred complaint. *In re Genentech*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)); *Chirife v. St. Jude Medical, Inc.,* 2009 WL 1684563, at *3-4 (E.D. Tex. June 16, 2009). Therefore, the defendant has the burden to prove both personal jurisdiction and venue in the transferee court. *Chirife*, 2009 WL 1684563, at *1 (internal citations omitted); *Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F. Supp. 2d 546, 549 (E.D. Tex. 2009) ("Transfer of a suit involving multiple defendants is ordinarily proper 'only if all of them would have been amenable to process in, and if venue as to all of them would have been proper in, the transferee court.'") (quoting *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, Louisiana*, 821 F.2d 1147 (5th Cir. 1987)). The "critical time" when making this threshold inquiry is the time when the lawsuit was filed. *Balthasar*, 654 F. Supp. 2d at 549 (citing *Hoffman*, 363 U.S. at 343).

Despite Defendants' allegations, Defendants have not made a *prima facie* showing that Exedea is subject to personal jurisdiction in California. Gemalto rebuts Defendants' allegations by

providing the deposition testimony of Lee Mrazek, HTC's 30(b)(6) deponent; Mr. Mrazek states that Exedea does not have offices, facilities or employees in California. MRAZEK DEPO, EX. N AT 51:22-52:2, ATTACHED TO (Doc. No. 111).

In addition, Defendants argue that if jurisdiction over Exedea is proper in the Eastern District—based on sales of the accused products in this District—then jurisdiction is also proper in the Northern District of California. REPLY AT 5, n.5. However, in its Complaint, Gemalto alleges that this Court has jurisdiction because each of the Defendants conducted business and made, distributed, sold, or offered for sale the accused products *in Texas*. AMENDED COMPLAINT AT 5-6. Even though Exedea does not contest jurisdiction *in Texas*, Defendants have not shown that Exedea has sold the accused products in California or conducted business in the forum such that it is subject to jurisdiction in California. *See* HTC ANSWER AT 5 (Doc. No. 37). While Defendants have provided a declaration from Jon Maron, Vice-President of marketing in North America for HTC America, in an effort to show Exedea is subject to jurisdiction in California, Mr. Maron's declaration does not link Exedea to the sale of the accused products in California. *See* MARON DECL. AT 2-3, ATTACHED TO MTN. Having failed to show Exedea sells the accused products or conducts business in California, Defendants have fallen short of showing a *prima facie* case that *all* Defendants were subject to jurisdiction in the transferee forum at the time of filing. *See NovelPoint Learning LLC v. LeapFrog Enterprises, Inc.*, 2010 WL 5068146, at *3 (E.D. Tex. Dec. 6, 2010).

Consequently, Defendants have not met the threshold inquiry under the § 1404(a) analysis with respect to Exedea, and therefore the case as a whole. Because Defendants have failed to satisfy the threshold question, Defendants' Motion to Transfer is denied.

## II. Private Interest Factors

Even if Defendants could show that jurisdiction in the Northern District of California is appropriate over all Defendants, the Court finds that Defendants have not shown that the transferee forum is clearly more convenient. In particular, the private interest factors set out in *Volkswagen I* do not favor transfer.

### A. The Relative Ease of Access to Sources of Proof

Defendants argue that the majority of proof in this case is located in California, especially since the technology at issue concerns Java, software developed in Northern California. MTN AT 1, 13-14. Gemalto, on the other hand, contends there are documents in Texas related to the prosecution of the patents and the development and commercialization of the inventions. *See* RESPONSE AT 4.

Although there are many relevant documents in California, additional documents are also located in Illinois, Texas and Washington. *See Genentech*, 566 F.3d at 1345 (stating the bulk of relevant evidence usually comes from the accused infringer). All of Google's documents related to the design, development and operation of the accused Android devices are located in the Northern District of California, as are any sales, marketing and promotional material.[2] MTN AT 4. The "majority of documents concerning the features, functionality and/or integration" of Motorola's

---

[2] Gemalto contends Google maintains a cloud computing system that houses its documents in networks that include sites in Texas. RESPONSE AT 8. Thus, Gemalto argues, the documents electronically reside in Texas. *Id.* at 8-9. The Federal Circuit, interpreting Fifth Circuit law, has rejected the "antiquated era" argument, stating that the ability to conveniently transport documents electronically "does not render this factor superfluous." *Genentech*, 566 F.3d 1345-46 (citing *Volkswagen II*, 545 F.3d at 316). Under this interpretation, the factor necessitates the calculation of the *physical location* of the documents and other proof. *See Volkswagen II*, 545 F.3d at 316. Thus, the bulk of Google's documents appear to be physically located in Northern California. However, courts in at least one Circuit have rejected this approach, discounting the factor due to the ease of making documents available by electronic means. *See ORD Structure Innovations, LLC v. Oracle Corp.*, No. 11 C 3307, 2011 WL 4435667, at *3 (N.D. Ill. Sept. 22, 2011); *Unomedical A/S v. Smiths Medical MD, Inc.*, No. 1:09-cv-4375, 2010 WL 2680144 (N.D. Ill. June 30, 2010) (citing *Abbott Labs v. Church & Dwight, Inc.*, No 07 C 3428, 2007 WL 3120007 (N.D. Ill. Oct. 23, 2007); *CoolSavings.com, Inc.*, v. *IQ Commerce Corp.*, 53 F. Supp. 2d 1000, 1006 (N.D. Ill. 1999); *Lancelot Investors Fund v. TSM Holdings*, No. 07 C 4023, 2007 U.S. Dist. LEXIS 78881 (N.D. Ill. Oct. 24, 2007)).

accused products are housed in its Illinois location, as well as offices maintained in Northern California. WHALEY DECL. AT 3 (Doc. No. 81-4), ATTACHED TO MTN. While the bulk of records relevant to the development, testing, marketing and licensing of HTC's accused products are in Taiwan,[3] MTN. AT 5; MRAZEK DEPO AT 117:12-118:1, other relevant documents are also located in Washington, Northern California and Texas. MRAZEK DEPO, AT 117:12-118:1; MARON DECL. AT 3. Like HTC, the majority of documents relevant to Samsung's accused devices are located abroad, in this case, Korea. ROCHFORD DECL. AT 3 (Doc. No. 81-7), ATTACHED TO MTN. However, documents concerning the design, importation, distribution, development, marketing and sales of Samsung's accused products are located within the Eastern District of Texas in Richardson, Texas. *Id.*; RESPONSE AT 5. To the extent documents describing conformance testing of the accused products are relevant, they are housed in Samsung's Northern California laboratory. MTN AT 5-6.

Relevant third-party documents are located in areas closer to Texas than California. Sales documents possessed by Defendants' wireless carrier-customers—Sprint, Verizon and AT&T—are relevant to infringement and located in Missouri, New Jersey and Georgia. HANDLEY DECL. AT 4 (Doc. No. 110-1), ATTACHED TO RESPONSE; RESPONSE AT 8. Further, Gemalto, Inc., Gemalto's research and development arm located in Austin, Texas, maintains technical and financial documents related to the patents-in-suit, as well as some original source code. PATEL DECL. AT 2. Thus, relevant

---

[3] Under the facts presented here, because any documents and witnesses located abroad will have to travel "a significant distance no matter where they testify," the inconvenience of transporting such documents or the inconvenience of any foreign witnesses will be discounted. *See In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (discounting European witnesses in the convenience analysis when reviewing a denial of transfer from Texas to California); *Wi-Lan Inc. v. Alcatel-Lucent USA Inc.*, Civil Action No. 6:10cv521 at (Doc. No. 128) (E.D. Tex. Sept. 30, 2011). The Court notes, however, its continuing concern that categorical foreclosure of the convenience of foreign witnesses is misguided because it is foreseeable that such convenience could become an issue in particular cases, *e.g.*, where the transferor and transferee forums each have an equal number of witnesses. *See Aloft Media, LLC v. Yahoo!, Inc.*, 2009 WL 1650480, at *5, n.8 (E.D. Tex. June 10, 2009).

documents are located throughout the United States. Some are closer to the transferor forum and some of Samsung's relevant documents are located in the transferor forum itself. As such, transferring the action to the Northern District of California will not be substantially more convenient for access to sources of proof. *See In re Google, Inc.*, 412 Fed. Appx. 295, 296 (Fed. Cir. 2011) (quoting *In re Nat'l Presto Indus., Inc.*, 347 F.3d 622, 665 (7th Cir. 2003) ("Where [defendants] are in different states there is no choice of forum that will avoid imposing inconvenience[.]")); *Stragent LLC v. Audi AG*, slip op., 2011 WL 2912907, at *6 (E.D. Tex. July 18, 2011).

### B. The Availability of the Compulsory Process

This factor weighs heavily for transfer if the majority of non-party witnesses are located within the Northern District of California. *See Volkswagen II*, 545 F.3d at 316; *see also Promote Innovation LLC v. Ortho-McNeil Pharm., LLC*, No. 2:10cv109, 2011 U.S. Dist. LEXIS 15408, at *9 (E.D. Tex. Jan. 12, 2011) ("It is important to note that this factor considers only non-party witnesses."). Further, the factor weighs heaviest for the forum that has "absolute subpoena power," subpoena power for both depositions and trial. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Defendants identify former engineers from Sun Microsystems—the company that initially created Java—who live in Northern California. MTN AT 7. These non-party witnesses have knowledge of Java, which is considered prior art: John Gage, Gilad Bracha, Bill Joy, Alan Brenner, Henry McGilton and Eric Nellen.[4] *Id.* In addition, Defendants name Patrice Peyret, who also lives in the Northern District of California. *Id.* During prosecution, the Examiner based §§ 102 & 103

---

[4] Even though Gemalto contests that "Java-enabling technology underlies all of Plaintiff's claims," as Defendants suggest, Gemalto admits that Java is prior art. MTN AT 1; SURREPLY AT 2. Therefore, the Court will consider the convenience of these non-party Java engineers.

8

rejections on Mr. Peyret's prior art patents. *Id.* at 8. Finally, Tim Wilkinson, an inventor named on the patents-in-suit, also lives in the Northern District. *Id.* at 11. The Northern District of California may exercise absolute subpoena power over these witnesses, whereas the Eastern District of Texas may not.

In contrast, Gemalto identifies one non-party witness that resides within the subpoena power of the Eastern District of Texas.[5] Omar Khan, Samsung's former Chief Technology Officer, has knowledge of the Android technology, as well as information relevant to infringement and damages. RESPONSE AT 12. Mr. Khan lives in the Eastern District of Texas. *Id.* at 13.

Because the transferee forum may exert absolute subpoena power over more non-party witnesses, this factor favors transfer.

### C. The Cost of Attendance of Willing Witnesses

Although there are a number of non-party witnesses in the transferee forum, it is more convenient for many of the party and non-party witnesses to travel to Texas than to California. First, there are a number of witnesses in the Eastern District of Texas, including Samsung employees, for whom travel to Tyler would be more convenient. Dusty Hough and Julian Blin, Samsung employees living in the Eastern District of Texas, have knowledge of "Samsung's Android strategy" and "market research related to U.S. carriers and competitors," respectively. RESPONSE AT 3-4, 14. Shelly Davis, HTC National Sales Manager, also lives in the Eastern District of Texas. *Id.* at 14. Finally, Gemalto's Director of Business Development, Pura Font, lives in the Eastern District. *Id.*

---

[5] Although Gemalto identifies a number of third-party witnesses within Texas, Gemalto has failed to show that the Eastern District of Texas may exert subpoena power over these witnesses. *See* FED. R. CIV. P. 45(c)(3)(A)(ii). Further, Gemalto identifies a number of individuals living in Texas that are employed by Defendants. The Court will not consider these individuals under this particular convenience factor because employees are considered party witnesses. *See Promote Innovation LLC*, 2011 U.S. Dist. LEXIS 15408, at *9 ("[C]urrent employees have an employment relationship with a party and should be considered party witnesses.").

at 4.

In addition, many other witnesses reside in Texas. Bertrand du Castle, Tim Jurgensen, and Mehrzad Mahdavi commercialized the inventions described in the patents for Schlumberger, Gemalto's predecessor. *Id.* at 4 & 12. All work in Austin and therefore conducting trial in Tyler, Texas would be more convenient for these witnesses. The same can be said for inventors Michael Montgomery and Ksheerabdhi Krishna; prosecuting attorneys Pehr Jansson and Fred Pruner; and Gemalto marketing personnel Paul Beverly and Tom Lebsack, all of whom reside in either the Houston area or Austin, Texas. *See* KRISHNA DECL. AT 2 (Doc. No. 111-52); MONTGOMERY DECL. AT 2 (Doc. No. 111-53); JANSSON DECL. AT 2 (Doc. No. 111-51); Ex. Z, ATTACHED TO (Doc. No. 111); PATEL DECL. AT 2.

Finally, Texas is a more convenient forum for Danita Maseles and Scott Guthery. Ms. Maseles, one of the prosecuting attorneys for the patents-in-suit, lives in Colorado, but frequently travels to Texas for business. MASELES DECL. AT 2 (Doc. No. 111-49). Mr. Guthery, one of the named inventors, lives in Massachusetts and declares that travel to Texas is more convenient than travel to California. GUTHERY DECL. AT 2-3 (Doc. No. 111-50).

For some witnesses, it would be more convenient to conduct trial in California. Defendants argue that for the authors of the treatises referenced in the patents;[6] Motorola employees David Whaley and Christy Wyatt; and Samsung employee Ciaran Rochford, California is the more convenient forum. MTN AT 7; WHALEY DECL. AT 2 (Doc. No. 81-4); ROCHFORD DECL. AT 4 (Doc. No. 81-7). However, as stated above, the diffuse nature of this action imposes inconvenience on the

---

[6] James Gosling, Tim Lindholm and Frank Yellin are Google employees living in the Northern District. MTN AT 7.

parties, regardless of the forum.[7] Due to the number of witnesses that live in, or near, Texas, this factor weighs against transfer.

### D. Other Practical Problems

"Practical problems include those that are rationally based on judicial economy."*Eolas Technologies, Inc. v. Adobe Systems, Inc.*, slip op., 2010 WL 3835762, at *6 (denying a request to sever defendants), *aff'd*, *In re Google, Inc.*, 412 Fed. Appx. 295 (Fed. Cir. 2011); *see also In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice. . . . [T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 was designed to prevent.")).

Transfer would not promote judicial economy in this case. As stated above, Defendants have failed to demonstrate that all Defendants are subject to jurisdiction in the transferee forum. Further, none of the Defendants have requested severance. However, granting the Motion to Transfer would effectively result in severance, despite Exedea's relation to HTC; HTC Corporation and HTC America would be transferred to the Northern District of California, but its affiliate Exedea would remain in the Eastern District of Texas. Thus, transfer would effectively result in duplicative suits involving similar accused products:

> All defendants are accused of infringing the patents in suit, and adjudicating infringement will require construing the claims and evaluating the patents' innovation over the prior art. Thus, determining [D]efendants' liability will involve

---

[7] Concerning the parties' foreign witnesses, see Note 3.

> substantially overlapping questions of law and fact. . . . For multiple courts to simultaneously address these identical issues would be a waste of the courts' and parties' resources and could potentially lead to inconsistent results.

*Eolas*, 2010 WL 3835762, at *2. Therefore, the practical problems that would arise if the case were transferred weigh against transfer.

### III. Public Interest Factors

Many of the public interest factors are neutral. The Northern District of California and the Northern District of Illinois have a local interest in the outcome of the case given that the research and development of Google and Motorola's accused products occurred there. *See Zimmer*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (taking into account the place of research and development in determining a local interest). Further, Google's technical operations, and some of Motorola's Android operations, are located in California. *See Hoffman-La Roche*, 587 F.3d at 1336 ("[L]ocal interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community."). On the other hand, the Eastern District of Texas has a local interest in the outcome of the case due to Samsung's connections in Texas. Further, the technology described in the patents at issue were invented and commercialized in Texas. Finally, the patents were prosecuted in Texas. *See Zimmer*, 509 F.3d at 1381 (taking into account the location of patent prosecution to determine local interest). Therefore, this factor is neutral.

The remaining public interest factors, except for one, are also neutral. Both courts are familiar with federal patent law and there are no conflicts of law to avoid. However, "[t]o the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347. Even though, this factor is the most speculative,

Gemalto cites statistics showing that the time from the filing of a patent case to termination by a jury verdict is faster in the Eastern District of Texas (30.9 months) than in the Northern District of California (45.7 months). RESPONSE AT 14, n.35. Consequently, this factor does not favor transfer.

## CONCLUSION

For the foregoing reasons, Defendants have failed to show that the Northern District of California is clearly more convenient. Defendants have not demonstrated that this action could have originally been brought in California. Even if Defendants could show that Exedea is subject to jurisdiction in the Northern District of California, the convenience factors do not warrant transfer. The ease of access to sources of proof, the convenience of willing witnesses, and the administrative difficulties flowing from court congestion do not favor transfer. Further, judicial economy would not be served by transfer. Accordingly, the Court **DENIES** Defendants' Motion to Transfer Venue.

**So ORDERED and SIGNED this 18th day of November, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE