IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GEMALTO S.A., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CASE NO. 6:10-CV-561 LED-JDL |
| | § | |
| HTC CORPORATION, et al., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## ORDER

Before the Court is Defendants' Emergency Motion to Strike Plaintiff's Letter Brief and Undisclosed Extrinsic Evidence (Doc. No. 211) ("Motion"). On May 3, 2012, the Court held a Claim Construction Hearing to construe the disputed terms of the patents-in-suit. At the hearing, the Court proposed a construction for the term "resource constraints" that differed substantially from either party's proposed construction.[1] At the conclusion of the Claim Construction Hearing, Plaintiff requested permission to file a supplemental brief responding to the Court's construction. The Court granted Plaintiff permission to file a three page brief putting forth a construction "and a brief explanation for why [the construction is] appropriate." On May 8, 2012 Plaintiff filed a three page Letter Brief with no fewer than fifteen attachments[2] that addressed "resource constraints" and the Court's proposed construction for "microcontroller." (Doc. No. 209).

---

[1] Defendants argued that the term "resource constraints" was indefinite while Plaintiff argued that the term meant "limits on computing resources imposed by the physical characteristic of the device." The Court proposed that "a set of resource constraints" means "insufficient amount of memory to run the compiled application source program in an unminimized form."

[2] Plaintiff's submission, including attachments, totals over four hundred pages.

1

Plaintiff's submission is faulty for at least two reasons. First, the Court did not grant Plaintiff permission to file a Letter Brief. The Court permits parties to submit Letter Briefs only in certain well defined situations identified on the Court's website. *See, e..g.,* STANDING ORDER REGARDING LETTER BRIEFS, available at http://www.txed.uscourts.gov/cgi-bin//view_document.cgi?document=19741 ("LB STANDING ORDER"). All other briefs must comply with the Local Rules, i.e., "be double spaced and in font no smaller than 12 point type," unless otherwise ordered. LOCAL RULE CV-10. Furthermore, even if the Court granted Plaintiff permission to file a Letter Brief—which it did not—Plaintiff's submission would still be improper because it includes over four hundred pages of attachments. The Court's procedure governing Letter Briefs clearly states that "All letter briefs, unless specifically directed otherwise by a case-specific order, are to be submitted <u>without attachments</u>." LB STANDING ORDER at 1 (emphasis added).

Second, the Court granted Plaintiff permission to brief the term "resource constraints," not to respond to the Court's proposed construction of "microcontroller." Any argument and evidence related to the Court's proposed construction of "microcontroller" was improper. Accordingly, the Court **GRANTS** Defendants' Motion. Plaintiff's Letter Brief (Doc. No. 209) is stricken in its entirety. Plaintiff may file a three page brief that complies with the Local Rules putting forth its proposed construction for "resource constraints" by **May 15, 2012**. This is not an invitation to re-brief the disputed terms or to respond to any other constructions proposed by the Court. Plaintiff may not submit any new evidence and must rely on the record as it was before the Court at the May 3, 2012 Claim Construction Hearing. Defendants' may respond by **May 21, 2012**. **So ORDERED and SIGNED this 11th day of May, 2012.**

2

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE