# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| GEMALTO S.A., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:10-CV-561-LED |
| | § | |
| HTC CORPORATION, HTC AMERICA, | § | JURY TRIAL DEMANDED |
| INC., EXEDEA, INC., SAMSUNG | § | |
| ELECTRONICS CO., LTD., SAMSUNG | § | |
| TELECOMMUNICATIONS AMERICA | § | |
| LLC, MOTOROLA MOBILITY, INC., and | § | |
| GOOGLE INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF GEMALTO S.A.'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF <u>INDEFINITENESS REGARDING THE DECLARATION OF NEERAJ GUPTA (D.I. 234)</u>**

## INDEX OF EXHIBITS

**Ex. A**   Excerpts of Transcript from May 22, 2012 Deposition of Neeraj Gupta ("Gupta Tr.")

Defendants' supplemental brief relies on the false premise that a claim term that is subject to multiple constructions is insolubly ambiguous and therefore indefinite.  This approach cuts across the core nature of the Markman process and further reveals Defendants' gamesmanship.  Rather than engage in the construction process and examine the claim language, specification, prosecution histories and the knowledge of a person of ordinary skill in the art, Defendants resort to hand waving for "resource constraints," a term that is used repeatedly throughout the art and understood, including by its own employees.  Instead of offering arguments that follow the Court's lead in arriving at a proper construction, Defendants can only proffer arguments that Gemalto's proposed constructions is not perfectly precise, even though the law of indefiniteness only requires precision to the extent the subject matter allows.  *See Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 624 (Fed. Cir. 1985).  The Court should reject these arguments and construe the term as one of Gemalto's equally acceptable alternatives.

Defendants assert that a term that is subject to multiple constructions is indefinite because the scope of the term can vary with each construction.  Defendants fail to recognize that this is at the core of the Markman process where parties propose constructions that vary in scope, as all of the Parties have done in this case, and the Court weighs the intrinsic and extrinsic evidence to determine the appropriate construction.   As the Federal Circuit recognized in *Athletic Alternatives v. Prince Mfg.*, 73 F.3d 1573, 1581 (Fed. Cir. 1996), claim terms are frequently amenable to multiple "equally plausible" constructions and the Court must decide the proper one.  This case is no different.  Gemalto has offered several constructions and refinements in an attempt to arrive at the proper scope and language.  Each of these constructions is supported by the intrinsic record and the knowledge of a person having ordinary skill in the art.  (*See* D.I. 191,

- 1 -

D. I. 218.)   Defendants' contention that the "simultaneous" constructions have the effect of "rendering the boundaries unknowable" (D.I. 230 at 2) is incorrect.  This Court can still construe a claim term "even though the task [of construing that term] may be formidable and the conclusion may be one over which reasonable persons will disagree." *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001*)*.   Gemalto therefore respectfully requests that the Court adopt one of the two alternatives proposed in its post-Markman supplement briefing. (D.I. 218.)

Defendants' further attacks on the two alternatives should also be rejected.  As to Gemalto's proposed alternative of "computing resources that are limited when compared to typical desktop computers," Mr. Gupta explained in his declaration that one of ordinary skill in the art would recognize that, under Moore's Law, computing resources, *e.g.*, memory, doubles every eighteen to twenty-four months.  (D.I. 191, Ex. 1 at ¶ 15.)  Because available computing resources are constantly increasing, as Defendants and Mr. Gupta appreciate, the release date does matter.  The typical desktop computer released in 1997 will have less computing resources than the smartphone released in 2012.  Indeed, even most lay people would acknowledge this and consider the hypotheticals that Defendants queried Mr. Gupta on to be implausible.  As such, it is inappropriate to limit the scope of the term to devices that were considered "constrained" as of the time of the invention relative to then-existing desktop computers.  As the specification makes clear, the term "resource constraints" can be understood by reference to resources present on unconstrained devices, *i.e.*, desktop computers.  This does not make the term indefinite as Defendants contend.

Defendants' also argue that, since any computing resources (e.g., "transient memory, persistent memory, network bandwidth, battery life and display constraints") could be considered

under Gemalto's proposed constructions, a person of ordinary skill could not determine what was resource constrained if one device had greater memory resources but fewer processing resources. This argument is flawed for two reasons and should be rejected.  First, Defendants offer no proof regarding the plausibility of this scenario and, secondly, this presents issues of fact that should be taken into account in the infringement determination, not the Markman process.

Defendants' supplemental brief also addresses the "means for mapping" and "means for translating" terms.  In doing so, Defendants cherry-pick Mr. Gupta's testimony.  While Gupta may have conceded that the specification does not disclose a manner for generating unique identifiers, he also testified that the corresponding algorithm for the "mapping" function is "well-specified" in the specification.[1]  For the "means for translating" term, Defendants note that Gupta provided no opinion on the recited function.  This is particularly amusing, as Defendants have never proffered any argument as to what that recited function is.  As Gemalto has contended, and the Court recognized in its preliminary construction, the explicit language of the claim discloses the algorithmic structure of this term and Mr. Gupta's testimony was entirely consistent.[2] Defendants' arguments on the means-plus-function terms should be rejected.

---

[1] See, e.g., Ex. A, Gupta Tr., 153:5-15 ("Q. So where is the algorithm that describes how that assigning is done?   A. Well, it talks about requiring a unique integer identifier. That integer can be a size that's appropriate for the microcontroller architecture. It further says you need to map each string with one of these unique identifiers and subsequently replace the occurrences of those strings, which are in the Java file constant pool, replace those with the corresponding unique integer identifier. I think the algorithm is well-specified there.")

[2] See, e.g., Ex. A, Gupta Tr., 169:11-14 ("A. I think for someone of ordinary skill, that's straightforward. When I read those words as someone of ordinary skill, the algorithm is: For each jump in the original byte codes, record its destination.")

Dated:  June 5, 2012

Respectfully submitted,

/s/ Sam Baxter
Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
John Petrsoric
jpetrsoric@mcoolsmith.com
Radu A. Lelutiu
rlelutiu@mckoolsmith.com
Shahar Harel
sharel@mckoolsmith.com
Allison Speigel
aspeigel@mckoolsmith.com
MCKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Peter J. Ayers
payers@mckoolsmith.com
Pierre Hubert
phubert@mckoolsmith.com
Laurie L. Fitzgerald
lfitzgerald@mckoolsmith.com
Geoffrey L. Smith
gsmith@mckoolsmith.com
Todd Bellaire
tbellaire@mckoolsmith.com
Christopher J. Mierzejewski
cmierzejewski@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th St., Ste. 1700
Austin, Texas 78701
Telephone:  (512) 692-8700
Facsimile:  (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
GEMALTO S.A.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on this the 5th Day of June, 2012. Local Rule CV-5(a)(3)(A).

/s/ John Petrsoric
John Petrsoric

- 4 -